United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is open according to law. God save the United States and this honorable court. Good morning. This is Judge Wilson in Tampa. Judge Luck is in Tallahassee and Judge Magoa is in Miami. And we have three appeals that are scheduled for oral argument this morning. Ms. Tisa is our courtroom deputy and it appears that counsel are ready to proceed with the first case. The first case is Michelle Newbauer versus Carnival Corporation. Edward Schwartz is here for the appellate Newbauer and David Moore is here for Carnival. And Mr. Schwartz, are you ready to proceed with your argument? Good morning, Your Honor. Yes, I am. All right. Good morning, Your Honor. May it please the court. This case and the companion case, which we'll be arguing a little later, raise the issue of the application of the pleading standard set by the United States Supreme Court to the pleading of notice in cases by passengers against cruise ships. The United States Supreme Court has said quite clearly that what needs to be in a complaint is sufficient factual matter to make the claim plausible, not conclusive, not perfect at the outset at the pleading stage, more than speculation or conclusion, but just enough to make the claim plausible. And the Supreme Court specifically disclaimed an intent to create a heightened pleading standard in most cases or to require pleading probabilities as opposed to plausibilities. Now, how does that apply to a cruise ship case? Well, in a case by passenger against cruise ship, we do need to plead an element of notice, except in cases of the carrier's liability. That case came up after this appeal was filed. But in most cases, we do have to plead and prove an element of notice. The plausibility standard requires us to include enough facts in the complaint to make it plausible that we will be able to have proof of notice, or as was stated intuitively, a reasonable expectation that discovery will produce sufficient evidence to justify the claim. We do not have to have the perfect claim at an outset, and indeed, in particularly in the cruise ship situation, but we can. The cruise line operates the ships as a closed hermetic floating city. They have control of the environment. They control the records. They control the crew members. They control whatever video is available and preserved. An injured passenger knows what the passenger has observed at the time of the accident while needing to attend to the passenger's injury, by the way, but has no access in almost all cases to historical information, to the records concerning whatever prior incidents, similar or not, there may have been to whatever video may have been preserved, has no access to crew members, cannot interview the crew members, can't get access to the ship after leaving the ship. So essentially, don't you have to show at least that there was some negligent act by an employee? Well, we have to show that there was a negligent act, of course, and we will have to prove that either the liability was vicarious if we eventually plead vicarious liability, or we would have to prove notice, but a case law from the circuit indicates that all that can be proved circumstantially by circumstantial evidence, which of course, as I just explained, is the only sort of evidence that's going to be available to a passenger at the outset, the information about... And what case are you relying on for that proposition? Both Plott and Higgs, which were cited in my brief. Plott is the case where unidentified crew members performing unidentified functions were in an area where they could see the staircase in which Ms. Plott slept. There was rain, there were people coming in from the rain, but no direct evidence as to which person, if any, actually tracked rainwater under that staircase. In that case, wasn't there a concession that there were two crew members that had monitored the area continuously for half an hour prior to the incident? Yes, but there was no concession as to what they were doing, specifically who they were, specifically no one ever heard from the crew members. This is all, again, the evidence in that case was all circumstantial. It was based on information about the environment. And what was the second case? I'm sorry, I didn't hear you. Higgs. That's the... Did you say Higgs or Yates? Higgs. Oh, okay. Thank you. Sorry. Yes, that's a recent case. That's the case where Ms. Higgs was coming back from the breakfast buffet, moves around a corner, tripped over a bucket, inferred. We don't apparently know actual evidence that it was left there by a crew member because the family members saw crew members carrying buckets. Counselor, let me ask you this. So as I understand the law in this area, there are really two ways in which to plead constructive notice, which is what you're talking about here, some sort of circumstantial evidence of notice. One is that the condition in this case, the wet, slippery substance was there for a sufficient amount of time. And the other way is to show that there was a substantially similar incidence in the past such that it would put the ship or the crew on notice of what was going on. Is that a correct statement? Those are two of the possible ways to prove constructive notice. Okay. So your complaint, Ms. Neubauer's complaint, says specifically that the substance was there for, quote, a sufficient amount of time, end quote, correct? Correct. Iqbal Entwambly, which is how you started off talking about the Supreme Court standard as applied to constructive notice cases, specifically says that conclusory statements that track the language of the standards is insufficient. True or not true? It's true, but we do include additional facts. Well, but as to the fact of sufficient amount of time, that's directly quoting what the standard is without giving any factual basis there. So under our law, we would ignore that and only look at the facts. In other words, what our law says is we sort of strike out all the conclusory language and we focus on the factual language that's in the complaint, right? However, the factual language does support the statement of the law. If you can take that sentence in isolation, it is a conclusion. However, if you consider it in conjunction with all the other facts in the complaint, it's not because we plead where the action occurred, the specific portion of the ship in which it occurred, that that was a bar, that there was a high traffic area. But there's no, but unlike the complaint we're going to be talking about next, there was no indication that any crew members were there at the time or were there for any length of time. In other words, the two facts that, as I see it, weren't plausibly alleged. One, that there were even crew members there at the time noticing this. And second, even if crew members were there, that they were there for long enough as Judge Lugo specifically mentioned in plot, for example, where the crew members had been there continuously for 30 minutes observing the area. There's nothing like that here, correct? We have what we have, which was what the client could observe, which was the environment, which was in a bar. The answer to the question is no, you do not. The answer to that specific question is no, but they're not in the complaint. Thank you. But what is in the complaint is the environment, that it's in a bar, that the bar is highly trafficked, that a reasonable inference from that fact is that spills will happen in the bars. The trial court though, the learned district court judge here, explained the difference though between pleading foreseeability, which is what those facts go to, and pleading constructive notice, which seems to require something in addition or more than just what is foreseeable. In other words, the fact that it's a high traffic area next to a bar makes it foreseeable that something may happen, but that's plausible allegations of whether there's constructive notice that either A, again the two ways that we talked about, A, that the condition had been there for a sufficient amount of time such that the crew should have known, or B, that there were crew members around such that they should have known for the length of time that the condition was there. Well again, we have what we want. Can I ask you about that? So you went off, I wanted to hear what you had to say, because I know you did in your brief too about the limitations of a plaintiff in this area. How is that different than, and I get that we're in federal court and not state, and we don't have as many of these, but how is that different than any supermarket case that makes its way to federal court or a big box store case that makes its way to federal court? How's that different from any slip and fall where the plaintiff always has asymmetrical information compared to the defense and yet is required under federal pleading standards to plead plausible facts? Well, in a land-based case, there is a possibility of further investigation. You can take people, send people out to the site to take some photographs, for example. Oh, but these cruise ships are, I mean, there are a million photographs of the inside of these websites. They brag about all the bars and all the restaurants and all the beautiful areas and the ships. I mean, it's not, this stuff isn't unknown to you. And as to prior incidents, I know you're in the business, so you certainly have access to prior incidents just from your own secret sauce that you have there. But even aside from that, even if I was a lawyer who wasn't in this business, all I would need is a Pacer account to be able to go through all the prior slip and that happen that are filed in Miami federal court, right? You wouldn't necessarily. I mean, there are a lot of cases and you would have to search for a specific site, a specific airship, a specific cruise line. That information on priors is in the possession of the cruise lines. I mean, they have databases of it, but we can't have access to that until after suits file. And there's not a police officer, for example, as it would be in an auto case or some other opportunity for an investigator to go out. All we have is what the client and the client's traveling companions can observe at the time of the accident. Of course, during discovery, further information is developed, but for purposes of all that's necessary is to plead sufficient facts to make the claim plausible, not perfect, not ironclad at the outset. So, and I will reserve my rest of my time for rebel. Thank you. Thank you, Mr. Schwartz. We'll hear from Mr. Hoar. Morning, everyone. Can you hear me? Okay. Yes. All right. Great. May it please the court. The district court properly applied prevailing precedent governing adequacy of pleadings to conclude the plaintiff below failed to state a claim upon which relief could be granted. The plaintiff below never requested or raised the prospect of pursuing amendment instead insisted on the adequacy of its pleadings. The order of the district court should be affirmed. Allegations of possibilities are insufficient to state a claim upon which relief can be granted in the aftermath of Iqbal and Plumlee. To establish a facially plausible claim, a plaintiff must show more than a sheer possibility that a defendant has acted unlawfully. Mr. Schwartz, this is Judge Wilson. Ms. Neubauer may have a cause of action, but the information that she would need in order to adequately plead a cause of action is exclusively in the possession of Carnival. Why shouldn't we apply a more relaxed standard when it comes to cruise ship slip and falls? In other words, how does Mr. Schwartz get the information that he needs in order to adequately plead a complaint? Well, I think Judge Lux's observations, Judge Wilson, are apropos here. There is information available to the plaintiff. The context here is no different than the supermarket fall down or the big box fall down. Supermarket is there, but the cruise ships are there in and out of ports and crew members. There's a lot of turnover. Sometimes the crew members get off the boat at the next stop, so you can't talk to them or get information from them. The cruise ship is radically different than in a supermarket where you can go to the supermarket and find witnesses. It's not the same thing. With all due respect, Judge Wilson, I don't necessarily think that's the case. The reason being is, for example, there's plenty of other passengers on the ships. It's routine in these cases for the plaintiff to identify other passengers who saw things. It's routine in these cases for the plaintiff to have conversations with other crew members about what they saw, which the byproduct of those then goes out. Passengers from all over the world. That's right. We just tried a case two weeks ago, Judge, where the plaintiff was from Louisville and the witness that the plaintiff brought up as an eyewitness to the accident was from North Carolina, but they had exchanged contact data on the ship and they'd been exchanging emails ever since the accident happened. The reality of the current world in which we live, just like we're doing here today, we're all in geographically distinct places, yet we're communicating very easily. I don't think this is necessarily the impediment that the plaintiff argues for, but second point, and most importantly, the Supreme Court of the United States in Iqbal and Twombly has made it very clear what the requirements are and Judge Scola below properly concluded the plaintiff didn't meet them. For the causes of action in those particular cases, right? Well, no, I think that the standards are pretty clear. I think the Judge Luck alluded to this in any allegations in the complaint that are merely legal conclusions and where there are well-pleaded factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. Now, there's another principle that comes out of Cavisto, which is very important here, and that is courts may infer from the factual allegations in the complaint, obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. And I bring that up, Judge Wilson, because that highlights the notion of possibilities versus plausibility. And Iqbal and Twombly contemplate where there are sufficient factual allegations that take something in terms of possible negligence from the realm of what's conceivable to plausible. Counsel, have we applied Iqbal and Twombly to a motion to dismiss case, either in a public, preferably in a published opinion, but even an unpublished opinion from our circuit? If it's not cited in the brief, Judge Luck, I'm not aware of it. I'm sorry. I'm asking you right now. Yeah, I'm not aware of one. But that doesn't mean it didn't happen. It's because in my feeble mind, I'm unaware of it. So I apologize for that. Well, plot is an unpublished opinion. And remind me, did we cite those two Supreme Court cases in plot? Well, I think that was a summary judgment case. Yeah, let's talk about plot, because I think that's distinguishable. As Judge Luck just alluded, first from a procedural stance, that was a summary judgment case. And it wasn't a pleading adequacy case. The other thing about plot, it's distinguishable on its facts, because the source of the water there was readily identifiable. Because there'd been a moderately hard rain for several minutes, which caused 12 to 20 passengers to leave an exposed outdoor bar, carrying the water that they'd gotten from the rain on them. They had to pass the ocean drive bar, where two crew members were working, headed for the interior of the ship, where the conservatory was the closest nearby entrance. Importantly, and this goes to the question Judge Lagoa asked, the testimony in plot, the record showed that the entire crew was responsible for detecting and correcting accumulations of water, and that was the two crew members, with all of these people getting wet from the rain, passing right by them, to go into the most readily available entrance into the ship. People are getting out of the rain, it's plausible to infer that they're going to use the nearest entryway. This contrasts here with Neubauer, where the allegations are merely a series of speculative possibilities. It's possible a liquid spilled, it's possible a crew member walked by, it's possible the crew member saw the liquid on the deck service, and it's possible the crew member did nothing in response. But this series of possibilities is pure speculation. There's nothing from the standpoint of factual allegation, which is what Cavisto requires, that nudges the likelihood negligence from conceivable to plausible. I was going to say that there is an unpublished case, Pamela Taylor versus Royal Caribbean, that does cite two, Iqbal and Tambly. So I don't know if it was cited by anyone. Okay, the thing that's happening here is there are insufficient allegations of fact to put the, to borrow from Eppley's argument, I'm quoting, specific quantitative allegations regarding the circumstances giving Carnival notice of spilled liquid. There's an absence of factual allegations to put what plaintiff asserts over the boundary line of being possible or foreseeable, which doesn't meet the standard, and into the realm of being plausible is required by Iqbal and Tambly. So Mr. Ward, let me just ask you this question. So there's no mechanism that is available to a plaintiff to obtain information that it would need in order to plausibly allege a cause of action for negligence or failure to warn. For example, there's no mechanism to obtain, I'm sure there's an incident report that would be prepared by the ship. There might be video recordings of the area, names of crew members, and things like that. There's no mechanism available to a plaintiff to obtain that information before filing a complaint. Is that correct? Absent there being some invitation to, you know, to exchange information, that's true. But the way the case law and the rules are set up, Judge, is the Iqbal and Tambly standard of pleading is, if you will, the ticket in to conducting the discovery process. The Supreme Court of the United States has made a policy determination when they moved away from the the solution is in the claimant's hands in terms of crafting their complaint. Because if from the investigation they have from the plaintiff, from family members, from other passengers, in good faith, the plaintiff can make an allegation for, you know, I have a hard enough time doing my job. A plaintiff does not want to run a file of Rule 11 either. No, I don't think one has to run a file of Rule 11 to make a good faith allegation. And in this case, for example, what the plaintiff is inferring is that there was a drink spill. Well, they should allege as much. They didn't. What they did is allege a bunch of possible circumstances. It's almost as if the plaintiff wanted to leave the ticket open so we can get into the case, conduct discovery, and then refashion or then recast what the claim is. That's not the way Iqbal and Twombly require it, Judge. It's incumbent upon the plaintiff in the first instance to state facts. And per Covisto, the Eleventh Circuit rule is conclusions are disregarded. Now, once discovery is available for a reason. That's right. And once discovery is conducted and if it discloses new or different facts, the remedy the plaintiff has is a Rule 15 motion to amend. Because as facts are discovered, Rule 15 by its term specifies that when the plaintiff requests, amendment is to be freely granted. They didn't request it here, but in terms of conducting discovery after properly stating a claim upon which relief can be granted, if facts come up at that point, the remedy is for plaintiff to seek to amend then. So there's the balance. And I'd submit that that's what, you know, is contemplated by the Iqbal and Twombly standard. In this case, I think the judge below properly applied the standards, concluded that the plaintiff didn't state a claim upon which First, let me start by emphasizing what Judge Wilson stated. Counsel, can I ask my question, which is, have we in a maritime negligence case applied the Iqbal and Twombly standard in either affirming or reversing dismissal of a complaint? I believe that did happen in Taylor, but that was a very, very different. Well, so I've quickly looked, because I've read all these cases, I've quickly looked. In Chaparro, we applied Iqbal. In KT, we apply the Iqbal standard. And in Franza also, we applied Iqbal specifically. Those are all published opinions, all maritime cases, all alleging different sorts of negligence on the ship, correct? Of course, that is the standard. No question about it. And you are bound by that. But as I stated earlier, the standard is one of plausibility, not pleading information that is impossible for a plaintiff to obtain. The cruise line has a passenger list. We don't. The cruise line controls the crew members. We don't. We don't have access to the crew members. We have, they conduct an investigation usually, but we don't have access to it. And even after discovery begins, most of its work product, they have video. We don't, et cetera. We have what we can observe at the time while we're distracted by the need to attend to an injury, which in most cases is going to be the first priority, naturally, of the injured passenger. Anyway, certainly no opportunity to conduct a full-fledged investigation of the sort that auto accident case on land where indeed a plaintiff or plaintiff's investigators might have access to the site to take photographs and might be able to interview some witnesses before filing suit. None of that can happen in the cruise line case. The passenger has the observations about the environment. But counsel, that's actually not even accurate because even in Chaparro, this court found that the plaintiffs plausibly alleged a negligent failure to warrant claim. And in that case, there was a death of a passenger on a bus. The complaint alleged, because obviously this had to be an investigative case, that Carnival encouraged the plaintiff to visit a St. Thomas beach that was known for gang violence. Carnival knew or should have known about the dangers associated with that beach because it monitored crime on its protocols. And it had a negligence in encouraging passengers to visit the beach and failing to warn them of the dangers. So clearly that's not accurate. There is a possibility to invest. That's clearly an investigative case. Yes. That was an excursion case. That incident happened on land on an island where there are crime statistics available, where there is information available from the state department. So it's not a case of trying to find out information about what happened on an enclosed floating city in the middle of the ocean with no access by the passenger after disembarkation and no practical access by the passenger, even while he or she is still on the ship, having his or her injuries attended to. But certainly after disembarkation, if the incident is one that happened on the ship, as in this case and the companion case that we'll get to in a minute, there is no opportunity for the plaintiff to obtain the records that the cruise line has, the witnesses that the cruise line knows about. So yes, in an excursion case, different factors might come into play. There are different types of cases, but this is not an excursion case. This is a case dealing with an incident due to a foreign substance slip and fall on board, an isolated environment controlled entirely by the cruise line. All we can have in this case is what we have, which is the information about the environment, which as Plott and Higgs suggest, really is sufficient to create a plausible inference of notice, not necessarily conclusive at this point, but enough to get past the threshold of mere conceivability of possibility to the level of plausibility, which is what is required, no doubt about it, and what we have pled in our complaint. We have your argument, Mr. Swartz.